993 F.2d 884
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Salvador ROMAN, Petitioner-Appellant,
v.
James BLODGETT, Respondent-Appellee.
 No. 92-36639.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 11, 1993.
 
 Before: BROWNING, KOZINSKI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Salvador Roman, a Washington state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for second degree felony murder. Roman contends that his conviction under Washington's felony murder statute, Wash.Rev.Code § 8A.32.050(1)(b), violates his right to equal protection and due process due to the Washington Supreme Court's rejection of the merger doctrine (which would merge his underlying assault conviction into murder thereby precluding his felony murder conviction). We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's denial of a petition for writ of habeas corpus. Campbell v. Kincheloe, 829 F.2d 1453, 1457 (9th Cir.1987), cert. denied, 488 U.S. 948 (1988). We affirm.
 
 
 3
 A state prisoner is entitled to habeas relief under 28 U.S.C. § 2254 only where he is held " 'in custody in violation of the Constitution or laws or treaties of the United States.' " Engle v. Isaac, 456 U.S. 107, 119 (1982). A state court's interpretation of state law is binding on a federal court in a federal habeas proceeding. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), cert. denied, 493 U.S. 942 (1989). The Washington Supreme Court has held that "where the precedent felony in a felony murder is an assault and inherent in the homicide, the assault does not merge into the resulting homicide," and that this was a "matter of statutory interpretation[1] rather than one of constitutional rights." Washington v. Thompson, 88 Wash.2d 13, 558 P.2d 202, 205 (1977) (the court also noted that although the "felony murder statute is harsh" and it relieves "the prosecution from the burden of proving intent to commit murder," it was the law in Washington), appeal dismissed, 434 U.S. 898 (1977).
 
 
 4
 Roman contends that he was denied due process and equal protection by the failure of the Washington Supreme Court to adopt the majority rule merging an assault into murder for the purposes of a felony murder charge. The Washington Supreme Court has expressly refused to adopt such a merger rule and the United States Supreme Court has declined to review the constitutionality of that decision, finding that the state court decision did not raise a "substantial federal question." Id. Roman's appeal does not differ greatly from the Thompson case, and we find no evidence that the state court's "interpretation is untenable or amounts to a subterfuge to avoid federal review of a constitutional violation." Oxborrow, 877 F.2d at 1399.
 
 
 5
 Roman also seeks to raise for the first time in this appeal the issue that his due process rights were violated because the Information that charged him with second degree murder was not sufficiently specific. In general, this court will not consider a claim that is raised for the first time on appeal. Willard v. California, 812 F.2d 461, 465 (9th Cir.1987). In this case the Information is not part of the record, and therefore the record is not sufficient to permit review of the new claim. We refrain from considering Roman's second claim in this appeal.
 
 
 6
 Roman's motion for production of documents is denied.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wash.Rev.Code § 9A.32.050, under which Roman was convicted, defines second degree felony murder:
 (1) A person is guilty of murder in the second degree when:
 * * *
 (B) He commits or attempts to commit any felony other than those enumerated in R.C.W. 9A.32.030(1), and, in the course of and in furtherance of such crime or in immediate flight therefrom, he, or another participant, causes the death of a person other than one of the participants ...